# EXHIBIT B

FD-302 (Rev. 5-8-10)

- 1 of 3 -



# FEDERAL BUREAU OF INVESTIGATION

Date of entry    05/22/2020

On May 12, 2020 SA Brian Walsh interviewed Namecheap personnel Brennan Walter, ⬛Redacted⬛ and Jenn Suarez, ⬛Redacted⬛, via telephone. After SA Walsh identified himself and explained the purpose of the call, Walter and Suarez provided the following information.

Walter advised that Namecheap had received a subpoena on or about March 31, 2020 from someone alleging to be from Disney. Namecheap conducted checks regarding the request. Approximately the next day or two days later, the requester became pushy regarding the request, which Walter found to be unusual. The requester asked about taking down the ClubPenguin domain. Namecheap then received a court order from the Central District of California to shut down the Club Penguin.

Walter identified typos on the order and could not match the judge on the order to an actual judge. Namecheap contacted Disney regarding the matter using a contact at the FBI.

The domain used in the email address was provided by Namecheap, which Walter saw as a red flag. Namecheap also determined the email company hosting the email address was a third party, which would not have been used by Disney for legal matters.

Walter had contacted the Federal court clerk to inquire about the authenticity of the legal process. The clerk ran the case number and said it was not a case. The clerk told Walter that he recalled another similar situation. Walter asked if the other situation related to Disney and the clerk responded yes.

Suarez advised the format used on the document did not match the format used by the court.

Investigation on    05/12/2020    at    Monterey Peninsula, California, United States (Phone)

File #    288A-SF-3120662                                                Date drafted    05/21/2020

by    Brian M Walsh

This document contains neither recommendations nor conclusions of the FBI. It is the property of the FBI and is loaned to your agency; it and its contents are not to be distributed outside your agency.

USA-0016295

288A-SF-3120662

Continuation of FD-302 of **(U) May 12, 2020 Interview of Namecheap personnel Brennan Walter and Jenn Suarez**, On **05/12/2020**, Page **2** of **3**

Namecheap ended communications with the individual after they discovered the orders were fake.

Subsequently, Namecheap suspended the domain. After the domain was suspended, the customer contacted Namecheap and stated their account had been hacked.

Namecheap requested an additional subpoena for the communications between Namecheap and the customer.

The customer had multiple other domains registered. Namecheap researched the domains of the customer and determined that they appeared to be legitimate.

Walter and Suarez planned on forwarding the emails and documents associated with the fraudulent legal process pending company clearance. Shortly after the call, Walter forwarded SA Walsh an email with 25 attachments, which has been attached in a 1A.

SA Walsh reviewed the email and observed the following:

A Federal Court order from "IN THE UNITED DISTRICT COURT FOR THE DISTRICT OF CALIFORNIA, CENTRAL DIVISION"
Case No. 20:309-cv-2935,
Plaintiff, "The Walt Disney Company, Disney Interactive",
Defendant, "JOHN DOE, CLUB PENGUIN ONLINE"
"Entered this the 3rd day of April, 2020."

A Federal Subpoena, form AO 88B (Rev. 02/14) from United States District Court for the Central District of California.
Civil Action No.: 20:309-cv-2935
To: NAMECHEAP DOMAINS
Date: 03/31/2020
Attorney's signature: CAITLYN DEPLUTE
Representing Party: CAITLYN DEPLUTE, 500 South Buena Vista Street MC 9722 Burbank, CA 91521
Requesting Party: THE WALT DISNEY COMPANY; 500 South Buena Vista Street MC 9722 Burbank, CA 91521

288A-SF-3120662

Continuation of FD-302 of (U) May 12, 2020 Interview of Namecheap personnel Brennan Walter and Jenn Suarez, On 05/12/2020, Page 3 of 3

Email used on 03/31/2020, 04/01/2020, 04/03/2020, 04/06/2020
Adam McMiller, disney-cc@disney-dmca.com
Adam McMiller
Legal Counsel, Trademark Enforcement
The Walt Disney Company
500 South Buena Vista Street MC 9722 Burbank, CA 91521
(e) adam.m@disney-dmca.com -or- adamm@disney.com
(p) (818) 560-1000

Email used on 04/02/2020, 04/03/2020
Caitlyn Delpute, caitlyn.delpute@disney-dmca.com
Disney Interactive Legal Counsel
500 South Buena Vista Street
Burbank, CA 91521
(818) 560-1000

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

| THE WALT DISNEY COMPANY | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 20:309-cv-2935 |
| JOHN DOE | ) | |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: NAMECHEAP DOMAINS

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: SUBSCRIBER INFORMATION PERTAINING TO THE DOMAIN CPONLINE.PW

| Place: TBD | Date and Time: 04/07/2020 6:06 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 03/31/2020

*CLERK OF COURT*

OR

_____            CAITLYN DEPLUTE
*Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* CAITLYN DEPLUTE 500 South Buena Vista Street MC 9722 Burbank, CA 91521, who issues or requests this subpoena, are:
THE WALT DISNEY COMPANY; 500 South Buena Vista Street MC 9722 Burbank, CA 91521

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 20:309-cv-2935

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

    I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

    ❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

    ❒ I returned the subpoena unexecuted because: _____
_____ .

    Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

    I declare under penalty of perjury that this information is true.

Date: _____

                                                             _____
                                                              *Server's signature*

                                                              _____
                                                             *Printed name and title*

                                                             _____
                                                             *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

_____

# IN THE UNITED DISTRICT COURT
# FOR THE DISTRICT OF CALIFORNIA, CENTRAL DIVISION

| | |
|---|---|
| The Walt Disney Company, Disney Interactive;<br><br>                              Plaintiff,<br><br>vs.<br><br>JOHN DOE, CLUB PENGUIN ONLINE<br><br>                              Defendant. | **Order**<br><br><br>Case No. 20:309-cv-2935 |

It is hereby ORDERED that:

(1) Namecheap, as the gTLD domain registrar, temporarily disable the access of the domain <cponline.pw> from the current domain holder and from public internet access until the 30th day of May, 2020.

(2) The Clerk shall forward copies of this Order to all counsel and parties of record.

Entered this the 3rd day of April, 2020.

*S Hnock*

_____

United States District Court