CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

NIKHIL BHAGAT (CABN 279892)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7193
    FAX: (415) 436-6982
    nikhil.bhagat@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>KEITH LATTERI,<br><br>    Defendant. | Case No. CR 23-471(2) WHO<br><br>**UNITED STATES OPPPOSITION TO DEFEDNANT'S SECOND REQUEST TO EXTEND SELF-SURRENDER DATE** |

Defendant Keith Latteri moves for a second 30-day extension of his self-surrender date (ECF No. 117). For the reasons that follow, the Court should deny the motion.

1.    On September 5, 2024, defendant Keith Latteri pleaded guilty to Count Two of the Indictment, which charged him with a felony violation of the Computer Fraud and Abuse Act. *See* ECF Nos. 58, 59. The Court set sentencing for January 23, 2025. ECF No. 58. Under the law, the Court "shall order" that a person found guilty of such an offense be detained unless the Court finds, by clear and convincing evidence, that the defendant is not likely to flee or pose danger to the community. *See* 18 U.S.C. § 3143(a)(1). At the defendant's change of plea, the Court implicitly made this finding and allowed the defendant to remain free on pretrial release. The government did not object.

2.      On December 13, 2024, on the agreement of the parties, the Court continued Mr. Latteri's sentencing from January 23, 2025 to March 27, 2025. ECF No. 75.

3.      On March 12, 2025, again with the government's agreement, the Court continued Mr. Latteri's sentencing from March 27, 2025 to May 1, 2025. ECF No. 90.

4.      On May 1, 2025, the Court imposed a sentence that included a term of 36 months' imprisonment. *See* ECF No. 106. The Court allowed Mr. Latteri 60 days—until July 1, 2025—to surrender for service of sentence, in part for the defendant to visit with his family and in part to wind down his business. *See id.*; ECF No. 108 (judgment).

5.      On June 20, 2025, less than two weeks before he was scheduled to surrender, the defendant moved to extend his self-surrender date by an additional 30 days, arguing, in part, that he needed additional time to (1) facilitate the transition of his business; (2) transport his personal belongings from Ohio to New Jersey; and (3) deal with unspecified medical issues. ECF No. 113.

6.      The government did not object to the defendant's request to delay his report date to August 1, 2025—90 days after his sentencing and eleven months after his change of plea. *Id.*

7.      On July 18, 2025, the defendant filed a second request to delay his report date, to September 1, 2025. ECF No. 117. His reasons were nearly identical to those given in the first request—that he needed additional time to (1) facilitate the transition of his business; and (2) transport his belongings from Ohio to New Jersey. *Id.* The second motion does not claim health concerns.

8.      This Court has discretion to extend the defendant's self-surrender date. *United States v. Fower*, 30 F.4th 823, 827 (9th Cir. 2022). But it should exercise that discretion to deny the defendant's motion here.

9.      On July 18, 2025, the Honorable Sallie Kim, United States Magistrate Judge, issued an order permitting the defendant to travel from Ohio to New Jersey from July 25-29, 2025. ECF Nos. 119, 120.

10.     In light of Judge Kim's order, the defendant will have had the opportunity to move his belongings to New Jersey prior to the scheduled surrender date.  The two reasons remaining for an extension are (1) the process of facilitating the transition of his business is taking longer than initially anticipated; and (2) he has not yet received a designation letter from the Bureau of Prisons.  Neither are sufficient reasons to extend his surrender date yet again.

11.     First, the Bureau of Prisons *has* designated Latteri to a facility.   In fact, it did so on June 3—approximately a month after his sentencing.  *See* Decl. of Nikhil Bhagat ISO United States' Opp. to Def.'s Second Request, attached hereto ("Bhagat Decl.") at ¶ 4.   He has been designated to the Federal Medical Center Lexington.  *Id.* ¶ 3. Whether or not the defendant has actually "received any designation letter from the BOP," *e.g.* ECF No. 113 ¶ 7, is of no moment; he has been designated, and he may surrender to that facility.

12.     Moreover, even if it were true that the defendant had not been designated, the fact that a defendant has not designated by the time of surrender is, in and of itself, also insufficient to justify a further delay.   That is not an extraordinary or unusual circumstance; judges in this District routinely admonish offenders that if they do not receive a designation by the surrender date, they should report to the U.S. Marshal, in this District or any other. *See, e.g.* Judgment, *United States v. Heineman*, No. 3:05-cr-00611-WHA (Nov. 13, 2024) ("The defendant shall surrender to the United States Marshal for this district: District of Nevada"); *United States v. Huang*, Case No. 19-CR-00110-SI, 2020 WL 1540483, at *1 (N.D. Cal. Mar. 27, 2020) ("Defendant is ordered to self-surrender directly to the designated Bureau of Prisons facility on that date, by 2:00 p.m. If a facility has not been designated, he is ordered to surrender to the United States Marshal for this district . . ."); *United States v. Garlock,* No. 18-CR-00418-VC, 2020 WL 1439980, at *1 (N.D. Cal. Mar. 25, 2020) (same); *United States v. Ali*, No. CR 03-40081 CW, 2011 WL 588143, at *2 (N.D. Cal. Feb. 10, 2011) ("If there has been no designation made prior to the surrender date, then Sameena Ali and Griffen shall report to the Office of the United States

Marshal in Oakland by 2:00 p.m. on the surrender date, or move for a brief additional extension").

13. With that justification resolved, the defendant's sole remaining reason for requesting an additional continuance of his surrender date is his generalized claim that his business is taking longer to transition than anticipated. That reason is unspecific and insufficient to justify a further delay. As Latteri notes, he "hired an individual to assume responsibility for operating his business and continuing to service its existing clients." ECF No. 117 at ¶ 4. *See also* ECF No. 113 at ¶ 4 (same). That person has been in place since at least June, *see* ECF No. 113 ¶ 4, and likely longer. And Latteri has failed to provide any evidence or even explain why facilitating the transition of his business—"onboarding clients; training the new employee; filing paperwork with the State and financial institutions; notifying existing clients," ECF No. 117 at ¶ 5—necessitates a further extension of his self-surrender date.[1] The defendant will have had approximately three months since his sentencing (and approximately 11 months since he pleaded guilty) to "file paperwork" and notify existing clients of his business transition.

Because the defendant has not shown good cause for a further delay of his self-surrender date, and for the foregoing reasons, the Court should deny Defendant Keith Latteri's Second Motion to Extend Report Date (ECF No. 117).

Dated: July 22, 2025

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

_____/s/_____
NIKHIL BHAGAT
Assistant United States Attorney

---

[1] This was also the identical justification he used in his initial motion, *see* ECF No. 113 ¶ 5.